1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Christine Bida Beucler,            )    CIV 15-1110-PHX-DGC (MHB)
                                        )
10              Petitioner,             )    **REPORT AND RECOMMENDATION**
                                        )
11  vs.                                 )
                                        )
12  Judy Frigo, et al.,                 )
                                        )
13              Respondents.            )
                                        )
14  _____    )

15  TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT COURT:

16          Petitioner Christine Bida Beucler, who is confined in the Arizona State Prison

17  Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

18  (Doc. 1). Respondents filed an Answer (Doc. 9), and Petitioner filed a Reply (Doc. 10).

19                              **BACKGROUND**[1]

20          In December 2011, the State filed an indictment in Maricopa County Superior Court

21  charging Petitioner with three counts of trafficking in stolen property, a class 3 felony. (Exh.

22  C.)

23          The Arizona Court of Appeals described the crime as follows:

24          Victim allowed Defendant and Jessica Beucler (co-defendant) to stay in her
            home temporarily. One day, Victim returned home and noticed her jewelry box
25          was unlocked and her jewelry was missing. Victim notified police of the
            missing jewelry.
26

27  _____

28      [1] Unless otherwise noted, the following facts are derived from the exhibits submitted
    with Doc. 9 – Respondents' Answer.

Scottsdale Police Department Detective P. located twenty-two pieces of Victim's missing jewelry at Super Pawn, a pawn shop. Detective P. obtained several pawn ticket transactions for the stolen jewelry signed by Defendant and co-Defendant. Detective P. interviewed a Super Pawn employee and a Cash America Pawn Shop (Cash America) employee who were able to confirm Defendant's identity from the alleged transactions at the pawn shops. After her arrest, Detective P. interviewed Defendant who admitted to stealing and pawning Victim's jewelry.

(Exh. D at 2-3.)

The jury convicted Petitioner on all charged offenses and she was sentenced to concurrent terms of imprisonment, the longest being 6.5 years. (Exh. B.)

On April 4, 2014, counsel for Petitioner filed a timely appeal on her behalf. (Exh. D at 1 and Exh. E.) Petitioner's counsel "filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising the court that after a diligent search of the record, he was unable to find any arguable question of law that is not frivolous." (Exh. D at 1.) The state appellate court granted Petitioner an opportunity to file a supplement brief in support of her appeal but she chose not to because she "believ[ed] it to be futile." (Exh. D at 1 and Doc. 1 at 7.) After searching "the entire record for reversible error," the state appellate court found "none" and affirmed Petitioner's conviction and sentence. (Exh. D at 6.) Petitioner did not seek review in the Arizona Supreme Court and the Court of Appeals issued its mandate on October 14, 2014. (Exh. F.) Petitioner did not initiate any collateral-relief proceedings. (Exh. G.)

In the instant habeas petition, Petitioner raises two grounds for relief. In Ground One, she alleges that she received ineffective assistance of counsel. In Ground Two, she alleges that she is innocent of two of the three counts for which she was convicted because the state failed to carry its burden of proof.

**DISCUSSION**

In their Answer, Respondents contend that Grounds One and Two are procedurally defaulted. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

- 2 -

1    A state prisoner must exhaust his remedies in state court before petitioning for a writ

2 of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513

3 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To

4 properly exhaust state remedies, a petitioner must fairly present his claims to the state's

5 highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.

6 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona

7 Court of Appeals by properly pursuing them through the state's direct appeal process or

8 through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th

9 Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

10    Proper exhaustion requires a petitioner to have "fairly presented" to the state courts

11 the exact federal claim he raises on habeas by describing the operative facts and federal legal

12 theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78

13 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim

14 he urges upon the federal courts."). A claim is only "fairly presented" to the state courts

15 when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim

16 under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)

17 (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner

18 fails to alert the state court to the fact that he is raising a federal constitutional claim, his

19 federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

20    A "general appeal to a constitutional guarantee," such as due process, is insufficient

21 to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518

22 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)

23 ("Exhaustion demands more than drive-by citation, detached from any articulation of an

24 underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because

25 its factual basis was presented to the state courts on state law grounds – a "mere similarity

26 between a claim of state and federal error is insufficient to establish exhaustion." Shumway,

27 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

28

1    Even when a claim's federal basis is "self-evident," or the claim would have been

2    decided on the same considerations under state or federal law, a petitioner must still present

3    the federal claim to the state courts explicitly, "either by citing federal law or the decisions

4    of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted),

5    amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004)

6    (claim not fairly presented when state court "must read beyond a petition or a brief ... that

7    does not alert it to the presence of a federal claim" to discover implicit federal claim).

8    Additionally, under the independent state grounds principle, a federal habeas court

9    generally may not review a claim if the state court's denial of relief rests upon an

10    independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32

11    (1991). The United States Supreme Court has explained:

12    In the habeas context, the application of the independent and adequate state
      ground doctrine is grounded in concerns of comity and federalism. Without the

13    rule, a federal district court would be able to do in habeas what this Court
      could not do on direct review; habeas would offer state prisoners whose

14    custody was supported by independent and adequate state grounds an end run
      around the limits of this Court's jurisdiction and a means to undermine the

15    State's interest in enforcing its laws.

16    Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for

17    presenting a valid claim deprives the state court of an opportunity to address the claim in

18    much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order

19    to prevent a petitioner from subverting the exhaustion requirement by failing to follow state

20    procedures, a claim not presented to the state courts in a procedurally correct manner is

21    deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

22    Claims may be procedurally barred from federal habeas review based upon a variety

23    of factual circumstances. If a state court expressly applied a procedural bar when a petitioner

24    attempted to raise the claim in state court, and that state procedural bar is both

25

26

27

28

- 4 -

"independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

1    for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally

2    barred.'") (quoting Harris, 489 U.S. at 263 n.9).

3        In Arizona, claims not previously presented to the state courts via either direct appeal

4    or collateral review are generally barred from federal review because an attempt to return to

5    state court to present them is futile unless the claims fit in a narrow category of claims for

6    which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding

7    claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar),

8    32.9(c) (petition for review must be filed within thirty days of trial court's decision). Arizona

9    courts have consistently applied Arizona's procedural rules to bar further review of claims

10   that were not raised on direct appeal or in prior Rule 32 post-conviction proceedings. See,

11   e.g., Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule

12   are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001)

13   ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in

14   several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S.

15   856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona

16   courts have not "strictly or regularly followed" Rule 32 of the Arizona Rules of Criminal

17   Procedure); State v. Mata, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996)

18   (waiver and preclusion rules strictly applied in post-conviction proceedings).

19        The federal court will not consider the merits of a procedurally defaulted claim unless

20   a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for

21   his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);

22   Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and

23   prejudice" test, a petitioner must point to some external cause that prevented him from

24   following the procedural rules of the state court and fairly presenting his claim. "A showing

25   of cause must ordinarily turn on whether the prisoner can show that some objective factor

26   external to the defense impeded [the prisoner's] efforts to comply with the State's procedural

27   rule. Thus, cause is an external impediment such as government interference or reasonable

28

unavailability of a claim's factual basis." <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 495-96.

Neither Ground One nor Ground Two was properly presented to the state court via direct appeal or on collateral review. Thus, Grounds One and Two were not fairly presented to the state courts, and Petitioner would no longer have a remedy if she returned to state court. <u>See</u> Ariz.R.Crim.P. 32.4(a) (time bar). As a result, Grounds One and Two are procedurally defaulted.

Petitioner has also not established grounds to excuse the procedural default by a showing of cause and prejudice, and she has not argued a fundamental miscarriage of justice. And, as stated previously, ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim.

Moreover, although "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," <u>Martinez v. Ryan</u>, ___ U.S. ___, 132 S.Ct. 1309, 1315 (2012), Petitioner fails to argue "cause" for her default of Ground One pursuant to <u>Martinez</u>. In any event, Petitioner failed to initiate any collateral-relief proceedings. (Exh. G.)

Because Petitioner has not established any basis to excuse her procedural default, Petitioner's claims asserted in Grounds One and Two are barred from habeas corpus review. The Court will recommend that Grounds One and Two be denied and dismissed.

\\\

\\\

- 7 -

**CONCLUSION**

Having determined that Grounds One and Two are procedurally defaulted, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

- 8 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 7th day of December, 2015.

Michelle H. Burns
United States Magistrate Judge